# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1169V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RASHEEDAH SMITH,

        Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Corcoran

Filed: May 31, 2018

Vaccine Act Entitlement;
Denial Without Hearing;
Insufficient proof.

*Mark T. Sadaka,* Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Claudia B. Gangi*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE[1]

On March 15, 2018, Rasheedah Smith filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleges that the influenza ("flu") vaccine that Petitioner received on September 14, 2014 caused her to develop Guillain-Barre syndrome ("GBS") or, in the alternative, significantly aggravated a pre-existing condition. *See* Petition at 1 (ECF No. 1).

Following the initial order and several orders granting Petitioner's motions to issue subpoena for medical records, Petitioner filed medical records on October 13, 2017, January 29, 2018, February 12, 2018, and February 16, 2018. ECF Nos. 9, 14, 15, & 17. On March 19, 2018, in lieu of filing the Statement of Completion which had been due on that day, Petitioner's counsel filed a motion to withdraw as attorney. Mot. to Withdraw (ECF No. 18). In it, counsel noted that he had "doggedly pursued the entire medical

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

record in this case" but that he "informed Petitioner of our intent to withdraw unless she was able to provide us with additional information concerning those records." *Id.* at 1. Counsel also stated that Petitioner had told him that she intended to find new counsel. *Id.*

Thereafter, on April 4, 2018, I held a telephonic status conference with the parties, including existing counsel. In that conference, Respondent for the first time indicated that he believed there were concerns about the reasonable basis of the claim after review of the medical records filed to date, noting that there was an issue with proof of vaccination, as well as evidence that suggested Petitioner may have suffered from a flu virus infection prior to receiving the flu vaccination which allegedly caused or aggravated her GBS. Given these concerns, I ordered Respondent to file a motion to dismiss, and for Petitioner to file a response indicating whether she could respond to the motion with her current counsel, and if not, who she was intending on retaining as new counsel or whether she would pursue the case as a *pro se* Petitioner. Order, dated April 4, 2018. (ECF No. 19) I noted, however, that given the case's lack of progress made towards resolution, no additional time would be granted to Petitioner for the response. *Id.*

Respondent filed the instant motion to dismiss on April 18, 2018. ECF No. 20. Respondent argues that the medical records filed contain no evidence that Petitioner received a flu vaccine on September 14, 2014, "[n]or are there any records for petitioner's emergency room treatment and hospitalization at Piedmont Atlanta Hospital for respiratory failure and progressive weakness, as alleged in the Petition." Mot. to Dismiss at 2. Respondent further notes that the record <u>does</u> indicate that on December 23, 2014, Petitioner stated that she had the flu several weeks ago and had experienced joint pain for several months. *Id.* Finally, Respondent indicates that while the record reflects that Petitioner received a flu vaccine during her hospitalization from December 26-27, 2014, Petitioner does not allege in the petition that the vaccine she received at that time is the cause of her GBS. *Id.* at 2-3.

Petitioner filed her response on May 11, 2018. Counsel indicated that he had attempted multiple times to contact Petitioner concerning review of the Motion to Dismiss as well as information regarding her new counsel, but received no response. Response at 1. He also argued that Petitioner "is indeed unwell and truly believes that her GBS is caused by the vaccines she received" and that therefore "her case should not be dismissed and she should be allowed to seek new counsel." *Id.* at 2. To date, however, Petitioner has not filed any additional medical records and she has not filed a motion to substitute counsel or contacted my chambers to indicate she is in the process of retaining new counsel. Nor has she provided any indicia that she intends to proceed in the case *pro se*.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence, without an expert report, establishing that the alleged injury that Petitioner experienced could have been caused by the vaccinations received (*see* § 11(c)(1)(D)(i)).

Special masters may require such evidence "as may be reasonable or necessary." 42 U.S.C.A. § 300aa-12(d)(3)(B)(ii). In addition, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof, and she has not offered an expert opinion supporting her claim. Indeed, Petitioner has failed to provide even the most basic medical records pertinent to her claim-- namely, that she received a flu vaccine on September 14, 2014. Despite counsel's wishes, this case simply

cannot proceed if Petitioner is unable or unwilling to file additional medical records pertaining to her alleged injury or maintain open lines of communication with her counsel. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, Respondent's motion to dismiss is GRANTED, and Petitioner's motion to withdraw as counsel is DENIED AS MOOT. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master