# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1169V
(Not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * <br> RASHEEDAH SMITH,             * <br>                                          * <br>                  Petitioner,      * <br>                                          * <br>                 v.                          * <br>                                          * <br> SECRETARY OF HEALTH AND    * <br> HUMAN SERVICES,               * <br>                                          * <br>                 Respondent.    * <br>                                          * <br> * * * * * * * * * * * * * * * * * * * * * * * * | Special Master Corcoran <br><br> Filed: March 29, 2019 <br><br><br> Attorney's Fees and Costs; <br> Denial Without Hearing; <br> Reasonable Basis. |

*Mark T. Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Claudia B. Gangi*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION DENYING ATTORNEY'S FEES AND COSTS[1]

On August 30, 2017, Rasheedah Smith filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Ms. Smith alleged that the influenza ("flu") vaccine that she allegedly received on September 14, 2014, either caused her to develop Guillain-Barré syndrome ("GBS") or, in the alternative, significantly aggravated a preexisting condition. *See* Pet. at 1, filed Aug. 30, 2017 (ECF No. 1). Because of a substantial lack of corroboration in the medical record for significant elements of Petitioner's claim (including proof that she actually received the flu vaccine in September 2014), Mr. Sadaka moved to withdraw as counsel on March 19, 2018 (ECF No. 18), and Respondent moved to dismiss the petition on April 18, 2018 (ECF No. 20). I granted Respondent's motion to dismiss on May 31, 2018 (ECF No. 23).

---

[1] Although I have not formally designated this decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now moved for a final award of attorney's fees and costs. *See* Motion, dated Dec. 20, 2018 (ECF No. 26) ("Fees Mot."). Petitioner requests a total award of $10,825.11, reflecting $9,939.25 in attorney's fees (billed between January 2017 and December 2018) and $885.86 in costs. Fees Mot. at 4; Ex. A to Fees Mot. at 8 (ECF No. 26-1) (attorney invoices); Ex. B to Fees Mot. (ECF No. 26-2) (cost invoices). Anticipating that Respondent might lodge a reasonable basis objection to the fees request, the motion recounts difficulties in communicating with counsel, causing the matter to be filed less than a month before expiration of the three-year statute of limitations period (if measured from the purported September 2014 date of vaccination). Fees Mot. at 1, 4. Petitioner also alleges that she struggled to obtain relevant medical records, and points out that counsel promptly requested dismissal once it was clear that the claim would likely not succeed. *Id.* at 4.

Respondent reacted as predicted, objecting to the propriety of a fees award on reasonable basis grounds. *See* Opposition, dated Feb. 28, 2019 (ECF No. 27) ("Opp."). Respondent maintains that the record did not establish that Petitioner ever received the flu vaccine in September 2014 as alleged, and in fact strongly suggested an alternative cause for her GBS—an antecedent wild virus flu infection. Opp. at 1–2. He also argues that the Federal Circuit's decision in *Simmons v. Secretary of Health & Human Services*, 875 F.3d 632 (Fed. Cir. 2017) clarified the objective nature of the reasonable basis inquiry, shifting the focus away from an attorney's conduct (and specifically mooting the significance of the fact that counsel might be compelled to file a claim before having completed review of the claim's basis, to protect its timeliness in the face of a looming limitations cut-off deadline). *Id.* at 4–5.

Petitioner filed a reply in support of her fees request on March 11, 2019. ECF No. 29. She underscores the importance of making fees awards available to Vaccine Program attorneys, and asserts that her fees request did not in fact rely upon the need to file in the face of the expiration of the statute of limitations (although her initial motion *does* reference that fact, as noted above). Reply at 2. She otherwise emphasizes that she had in fact suffered from GBS, and did receive a flu vaccine in the fall of 2014 (albeit not when she alleged in the Petition),[3] and repeated her prior contention that her counsel's prompt dismissal of the claim once its weaknesses were apparent supports a finding of reasonable basis. *Id.* at 2–3.

## ANALYSIS

I have in many cases discussed the legal standard for assessing whether an unsuccessful Vaccine Act claim possessed sufficient reasonable basis for a fees award. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). A petitioner can receive a fees award even if her claim fails, but to do so she must demonstrate the claim's reasonable basis through some objective evidentiary showing and in light of the "totality of the circumstances." *See Chuisano v. Sec'y of Health &*

---

[3] Petitioner never alleged in this case that the flu vaccine the records *do* confirm she received—in December 2014, at the time of her hospitalization for GBS—had anything to do with her symptoms, and/or significantly aggravated them. *See* Opp. at 2 (discussing evidence of flu vaccine administration in December 2014).

*Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)). Although the nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, has some bearing on the analysis, reasonable basis is ultimately established by objective proof for the claim, as the Federal Circuit has emphasized. *Simmons*, 875 F.3d at 636; *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). In addition, *Simmons* unquestionably stands for the proposition that the need to file a case just before the Act's limitations period expires does not establish such objective proof. 875 F.3d at 636.

The fatal weakness of this case became self-evident to counsel within seven months of its filing. But Petitioner initially contacted counsel *eight months* before her claim was filed (*see* Ex. A at 1), allowing counsel ample time to evaluate the core facts relevant to any Vaccine claim—whether there was adequate proof of vaccination, whether the claimant actually had recorded evidence of an injury, etc. Here, the linchpin for the claim's dismissal was the lack of proof of vaccination before Petitioner's hospitalization; her personal confusion as to the date of vaccination is not an excuse for not obtaining documentation for it. These matters could have been resolved with some pre-filing diligence. The fact that they were not constitutes error that must, under the Act's fee-shifting statute (which is unique in its generosity among comparable federal fees provisions), be borne by counsel.[4]

I am cognizant that counsel acted expeditiously as soon as he was presented with the claim's glaring facial deficiencies. Such expediency helped limit the unnecessary work performed on this matter, and was thus in all parties' interests. But the fact remains that, as the attorney invoices underscore, the lack of basis for this claim could have been determined long before the case was filed. Controlling precedent emphasizes the need for counsel to make such determinations independently and prior to filing a petition, and does not permit counsel to mitigate the consequences of a decision to file a claim that could have been identified as objectively baseless early on by pointing to after-the-fact efforts to end the matter.[5]

Accordingly, Petitioner's Motion for Attorney's Fees and Costs is hereby DENIED. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Special Master

---

[4] It is no excuse to argue that Petitioner failed to assist counsel with obtaining documents before the anticipated limitations cut-off date, or did not otherwise communicate adequately with counsel prior to that time. It was a similar kind of absence of communication between counsel and a petitioner that motived the attorneys in *Simmons* to file their claim right before the statute of limitations expired, without having conducted a document-based preliminary investigation into the claim's basis. *Simmons*, 875 F.3d at 634. That kind of fact pattern did not persuade the Federal Circuit to find a fees award was appropriate, and it does not so persuade me here.

[5] On the other hand, in a case that began with reasonable basis but lost it along the way (for example, because an expert offered the view that the claim was not supportable), I would definitely take into account an attorney's responsiveness to proof that the claim lacked reasonable basis in formulating a fees award (whereas an attorney who proceeded in the face of such evidence might find his award cut back even more due to stubborn pursuit of a baseless claim).